UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SUSAN M. BERTRAND,                     )
                                       )
    Plaintiff,                         )
    Counterclaim Defendant,            )
                                       )
    v.                                 )    Case No. 04-CV-10182-GAO
                                       )
UNITED STATES OF AMERICA,              )
                                       )
    Defendant,                         )
    Counterclaim Plaintiff,            )
                                       )
    v.                                 )
                                       )
STEPHEN C. BERTRAND, and               )
BROTHERHOOD CREDIT UNION,              )
                                       )
    Counterclaim Defendants.           )

---

## UNITED STATES' ANSWER and COUNTERCLAIM

    The United States of America, through undersigned counsel, hereby answers the numbered paragraphs of the Complaint as follows:

### Introduction

    This is an action brought by Susan Bertrand (hereafter "Plaintiff") to quiet title for the property located at 8 Wonderland Avenue, Saugus, MA (hereafter "Property").

ANSWER: The United States admits the Plaintiff is seeking to quiet title to real property located at 8 Wonderland Avenue, Saugus, Massachusetts.

1

## Parties/Jurisdiction

1.    Plaintiff, Susan Bertrand resides at 8 Wonderland
      Avenue, Saugus, MA ("Property").

ANSWER: The United States admits.

2.    According to 28 U.S.C.A. §2410(a)(1) ["the United
      States may be named a party in any civil action or
      suite in any district court, or in any State court
      having jurisdiction of the subject matter to quiet
      title to real or personal property on which the United
      States has or claims a mortgage on other lien"].  The
      IRS is considered representative of United States for
      the purpose of those cases (United States v. Craft 122
      S.Ct. 1414 U.S., 2002).

ANSWER:   The United States admits that 28 U.S.C. §2410(a)(1)

states "the United States may be named a party in any civil

action or suit in any district court, or in any State court

having jurisdiction of the subject matter to quiet title to ...

real or personal property on which the United States has or

claims a mortgage or other lien."   As to the second sentence,

the United States avers that it, as opposed to the Internal

Revenue Service, is the proper party-in-interest.

3.    The events giving rise to the lawsuit took place in the
      Commonwealth of Massachusetts.

ANSWER: The United States admits that at least some of the events

that gave rise to this action took place in the Commonwealth of

Massachusetts.

2

4.    Venue is proper in the Essex Superior Court of
      Massachusetts.

ANSWER: The United States has removed this case to the United

States District Court and therefore denies.


## Facts

1.    The Plaintiff has had an interest in the Property since
      1989.

ANSWER: The United States avers that Stephen C. Bertrand placed

title to the Property in the names of himself and his wife, Susan

M. Bertrand in 1989.


2.    On or about December 29, 1993 the Plaintiff became sole
      owner of the property.  The deed was duly recorded in
      Essex Registry of Deeds on December 29, 1993 in Book
      12347 Page 386.

ANSWER: As to the first sentence, the United States avers that on

December 29, 1993, Stephen C. Bertrand purportedly transferred

his remaining title interest in the Property to Susan M. Bertrand

and that she was the sole owner of record after that date.  The

United States admits the second sentence.

3.   On or about September 8, 1995 the Defendant imposed a
lien for the amount of $77,395 on the Property for
unpaid taxed [sic] for years 1991, 1992 allegedly owed
by Stephen C. Bertrand, Plaintiff's husband.

ANSWER: The United States denies.  On the following dates, the

United States assessed Stephen C. Bertrand for the following tax

periods and tax types in the amounts listed:

| Period Ended | Tax Type | Assessment Date | Amount Assessed | Balance Due as of 3/15/04 |
|---|---|---|---|---|
| 12/31/91 | Trust Fund Recovery Penalty | 8/17/92 | $34,659.08 | $113,959.08 |
| 3/31/92 | Trust Fund Recovery Penalty | 3/8/93 | 8,538.55 | 19,882.27 |
| 9/30/94 | Trust Fund Recovery Penalty | 2/5/96 | 325,118.97 | 597,886.48 |
| 12/31/97 | Income | 9/13/99 | 1,874.60 | 1,942.93 |
| 12/31/98 | Income | 9/13/99 | 4,345.72 | 4,503.88 |
| 12/31/02 | Income | 6/2/03 | 1,050.34 | 1,089.83 |

On the date of each assessment a lien arose pursuant to 26 U.S.C.

§ 6321 that attached to all of Stephen C. Bertrand's property and

rights to property.


4.   On or about April 11, 1996 the Defendant imposed a lien
for the amount of $32,108 on the Property for unpaid
taxed [sic] for year 1994 allegedly owed by Stephen C.
Bertrand.

ANSWER: The United States denies.  The United States assessed

Stephen C. Bertrand for unpaid trust fund recovery penalties for

the period ended September 30, 1994 on February 5, 1996.  As of

the date of the assessment a lien arose in favor of the United

4

States on all of Stephen C. Bertrand's property and rights to property.

     5.    On or about August 19, 2003 the Defendant imposed a lien for the amount of $10,144.90 on the Property for unpaid taxed [sic] for year 2002 allegedly owed by Stephen C. Bertrand.

ANSWER: The United States denies. The United States assessed Stephen C. Bertrand for unpaid income taxes for the tax year 2002 on June 2, 2003. As of the date of the assessment a lien arose in favor of the United States on all of Stephen C. Bertrand's property and rights to property. On August 19, 2003, the United States filed a Notice of Federal Tax Lien with the Essex County Registry of Deeds.

     6.    On or about September 29, 2003 the Defendant imposed a lien for the amount of $77,145.84 on the Property for unpaid taxed [sic] for years 1991, 1992 allegedly owed by Stephen C. Bertrand.

ANSWER: The United States denies. The United States assessed Stephen C. Bertrand for unpaid trust fund recovery penalties for the periods ended December 31, 1991 and March 31, 1992 on August 17, 1992, and March 8, 1993, respectively. As of the dates of the assessment liens arose in favor of the United States on all of Stephen C. Bertrand's property and rights to property. On September 29, 2003, a Notice of Federal Tax Lien was filed with the Essex County Registry of Deeds.

7.  On or about November 24, 2003 the Defendant imposed a
    lien for the amount of $364,582.41 against Susan
    Bertrand as nominee of Stephen C. Bertrand.

ANSWER: The United States denies.  The United States avers that

on November 24, 2003, the United States filed a Notice of Federal

Tax Lien with the Essex County Registry of Deeds giving notice

that property in the name of Susan Bertrand is encumbered by a

federal tax lien against Stephen Bertrand.

### COUNT I
**(Improper imposition of liens against the
Plaintiff as nominee of Stephen Bertrand)**

8.  The Plaintiff hereby incorporates paragraphs 1-7 of
    this Complaint as though they were set forth in full
    herein.

ANSWER: The United States reasserts its answers to the

Introduction, paragraphs 1-4 of the Parties/Jurisdiction section

and paragraphs 1-7 of the Facts section.

9.  The Plaintiff was never named a nominee of Stephen C.
    Bertrand, and was never designated to act for him in
    his place.  The Deed from Stephen C. Bertrand to the
    Plaintiff was duly executed, delivered and recorded in
    the appropriate Registry of Deeds; therefore, the title
    was duly transferred to the Plaintiff.

ANSWER: The United States is without information sufficient to

form a belief as to the truth of the allegations this paragraph,

although the United States avers that the Deed was recorded with

the Essex County Registry of Deeds.

6

10.    The Defendant had sufficient notice of the fact that
        the Plaintiff owns the Property, because "the record
        ... operates as notice to the public of the instrument
        recorded" (Lane v. Davis, 96 Mass. 225, Mass. 1867),
        and the Deed was duly recorded in the appropriate
        Registry of Deeds.

ANSWER:   The United States denies because it does not know what

"sufficient notice" is.   The United States avers that it is aware

that the Property is titled solely in Plaintiff's name.


11.    The Defendant has improperly imposed a lien against the
        Plaintiff by wrongfully naming the Plaintiff a
        "nominee" of Stephen C. Bertrand.

ANSWER: The United States denies.


## COUNT II
**(Improper imposition of liens on the Plaintiff's property)**

12.    The Plaintiff hereby incorporates paragraphs 1-11 of
        this Complaint as though they were set forth in full
        herein.

ANSWER:   The United States reasserts its answers to the

Introduction, paragraphs 1-4 of the Parties/Jurisdiction section

and paragraphs 1-11 of the Facts section.


13.    The IRS improperly put liens for taxes allegedly owed
        by Stephen C. Bertrand on the Property owned by Susan
        Bertrand.

ANSWER: The United States denies.

14.    The Defendant had sufficient notice of the fact that
       the Plaintiff, and no one else, owned the Property at
       the time the Defendant imposed the liens.

ANSWER: The United States denies.

15.    The Defendant had improperly imposed the liens on the
       Property belonging to the Plaintiff.

ANSWER: The United States denies.

## COUNTERCLAIM AGAINST SUSAN M. BERTRAND, STEPHEN C. BERTRAND and BROTHERHOOD CREDIT UNION

COMES NOW the defendant, the United States of America,
pursuant to 26 U.S.C. §§ 7401, 7403 at the request of the Chief
Counsel, Internal Revenue Service, a delegate of the Secretary of
the Treasury, and upon direction of the Attorney General of the
United States of America, asserts the following claims against
Susan M. Bertrand, Stephen C. Bertrand and Brotherhood Credit
Union to: (a) foreclose by sale federal tax liens with respect to
unpaid federal tax liabilities of Stephen C. Bertrand (the
"Taxpayer") against certain real property located at 8 Wonderland
Avenue, Saugus, Massachusetts ("the Property") and (b) adjudge
that Susan M. Bertrand holds title to the Property as the nominee
of the Taxpayer for the purposes of satisfying federal tax liens
with respect to the Taxpayer's unpaid federal tax liabilities.

8

COUNTERCLAIM - COUNT I
**Foreclosure of Federal Tax Liens**

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

17. Susan M. Bertrand ("SUSAN"), is named as a defendant since she may claim an interest in the property upon which the United States seeks to foreclose liens.

18. Brotherhood Credit Union, 75 Market Street, Lynn, Massachusetts, is named as a defendant since it may claim an interest in the property upon which the United States seeks to foreclose liens.

19. Stephen C. Bertrand, (the "Taxpayer"), is the husband of SUSAN and may claim an interest in the Property.

20.   A delegate of the Secretary of the Treasury made assessments against the Taxpayer for his unpaid federal tax liabilities as follows:

| Period Ended | Tax Type | Assessment Date | Amount Assessed | Balance Due as of 3/15/04 |
|---|---|---|---|---|
| 12/31/91 | Trust Fund Recovery Penalty | 8/17/92 | $34,659.08 | $113,959.08 |
| 3/31/92 | Trust Fund Recovery Penalty | 3/8/93 | 8,538.55 | 19,882.27 |
| 9/30/94 | Trust Fund Recovery Penalty | 2/5/96 | 325,118.97 | 597,886.48 |
| 12/31/97 | Income | 9/13/99 | 1,874.60 | 1,942.93 |
| 12/31/98 | Income | 9/13/99 | 4,345.72 | 4,503.88 |
| 12/31/02 | Income | 6/2/03 | 1,050.34 | 1,089.83 |
| | | | Total | $739,267.47 |

21.   Pursuant to the assessments described above, a delegate of the Secretary of the Treasury issued notices of the assessments to, and made demand for payment of the assessments upon, the Taxpayer.

22. Despite notice and demand, the Taxpayer has refused or neglected to pay fully the assessed liability.

23.   There remains due and owing to the United States from the Taxpayer, the sum of $739,267.47, plus statutory interest and additions from March 15, 2004.

24.  On or about March 14, 1973, the Taxpayer acquired the Property at 8 Wonderland Avenue, Saugus, Massachusetts.

25.  The Property is described as follows:

The land in Saugus, Essex County, Massachusetts, being shown as Lots 38 and 39 on "Revised Plan of Lynn Extension" dated December, 1915, drawn by Ernest W. Branch, C.E., recorded with Essex South District Deeds, Plan Book 56, Plan 29, together bounded and described as follows:

NORTHEASTERLY: by Wonderland Avenue, seventy-one and 43/100 (71.43) feet;

NORTHWESTERLY: by Lot 40, as shown on said plan, one hundred three and 62/100 (103.62) feet;

SOUTHWESTERLY: by Alice Street, as shown on said plan, one hundred ten and 51/100 (110.51) feet; and

SOUTHEASTERLY: by land now or formerly of Elizabeth Sullivan, one hundred and twenty five (125) feet, more or less.

Containing 10,463 square feet of land, according to said plan.

26. On or about September 21, 1989, Taxpayer purported to grant the Property to himself and SUSAN as tenants by the entirety, for "love and affection."

27.  On or about December 27, 1993, the Taxpayer purported to quitclaim his interest in the Property to SUSAN for consideration of less than one hundred dollars ($100.00).

11

28.  At the time of the December 27, 1993 transaction, the United States' federal tax liens against the Taxpayer had attached to the Property.

29.  On December 27, 1993, SUSAN granted a mortgage to Brotherhood Credit Union in the amount of $90,000.00.

30.  As a result of the Taxpayer's neglect, refusal, and failure to pay the assessments described above, federal tax liens in the amount of the assessments, plus statutory interest and other statutory additions, arose pursuant to the provisions of 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property of the Taxpayer.

31.  SUSAN did not acquire the legal title to the Property for adequate and full consideration in money or money's worth, and the Taxpayer did not receive reasonably equivalent value in exchange for the purported transfer of his legal title.

32. Under the Internal Revenue Code and Regulations, SUSAN is not "a person who, for adequate and full consideration in money or money's worth" acquired the Taxpayer'S interest in the Subject Property, and therefore, if she acquired the Taxpayer's interest in the Subject Property in 1993 it was subject to the federal tax liens against the Taxpayer.  See 28 U.S.C. § 6323(h)(6); United States v. Tempelman, 111 F. Supp.2d 85, 93

12

(D. N.H. 2000).

## COUNTERCLAIM - COUNT II

### Susan Bertrand Holds Title to the Property
### as the Nominee of Stephen Bertrand

33. The United States incorporates paragraphs 1 through 32 of the Counterclaim into Count II of the Counterclaim.

34. The purported transfer of the Taxpayer's interest in the Property on September 21, 1989, from the Taxpayer to the Taxpayer and SUSAN as tenancy by the entireties was for "love and affection."

35. The purported transfer on September 21, 1989, from the Taxpayer to SUSAN was for less than adequate consideration.

36. The purported transfer of the Taxpayer's legal title in the Property on December 27, 1993, from the Taxpayer to SUSAN was for less than adequate consideration.

37. The Taxpayer and SUSAN have been married to each other from at least September 21, 1989 until the present.

38. Upon information and belief, the Taxpayer has resided

13

at the Property since at least September 21, 1989.

39. The Taxpayer has continued to enjoy the use the Property from at least September 21, 1989 until the present.

40. SUSAN holds title to the property as the nominee of the taxpayer and the federal tax liens arising out of the assessment against him attach to the property despite the purported transfers of title to SUSAN.

41. The Taxpayer entered Bankruptcy on February 6, 1992. The Taxpayer entered Bankruptcy because he was unable to pay all of his debts as they became due.

42. The Taxpayer was in Bankruptcy on December 27, 1993, when he purportedly transferred his legal title in the Property to SUSAN.

43. During the course of the Taxpayer's bankruptcy, the Taxpayer failed to pay the employment taxes for his businesses for the 1st Quarter of 1992, and the 3rd Quarter of 1993 through the 3rd Quarter of 1994.

44. When the Taxpayer purportedly transferred his legal title in the Property on December 27, 1993, he knew that he had

14

unpaid federal tax liabilities.

45.    When the Taxpayer purportedly transferred his legal title in the Property on December 27, 1993, he knew that he would incur federal tax liabilities that he would be unable to pay.

WHEREFORE, the United States requests that this Court:

(1) Dismiss the Plaintiff's Complaint with prejudice;

(2) Determine and adjudge that the United States holds valid federal tax liens upon the Property;

(3) Determine that Susan Bertrand holds the entire Property as the Taxpayer's nominee;

(4) Decree that the federal tax liens on the Property be foreclosed, and that the Property be sold according to law, free and clear of any right, title, lien, claim or interest of all of the parties to this action, and that the proceeds of the sale be distributed to the United States and to such other parties as this Court determines; and,

15

(5)   Award the United States its costs and such further relief as deemed appropriate.

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant U.S. Attorney


STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565

16

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Answer & Counterclaim has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 8th day of March, 2004:

> John F. Morello, Esq.
> 316 Central Street, Suite Two
> Saugus, MA 01906

STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565



**U.S. Department of Justice**

**Tax Division**

Facsimile No. (202) 514-5238
Trial Attorney: Stephen J. Turanchik
Attorney's Direct Line: (202) 307-6565

Please reply to:  Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

5-36-100006 CMN: 2004102051

<u>Via Federal Express</u>

Tony Anastas, Clerk
U.S. District Court
One Courthouse Way, Suite 2300
Boston, Massachusetts 02210

MAR -8 2004

     Re:  <u>Susan Bertrand v. United States</u>
          <u>Case No. 04-10182-GAO (USDC D. Mass.)</u>

Dear Mr. Anastas:

    Enclosed please find one copy and one original of United
States' Answer and Counterclaim and two summonses, one to
Brotherhood Credit Union and the other to Stephen Bertrand.
Please execute the two summonses and return them to this office
in the enclosed prepaid, self-addressed envelope.

    If you have any questions, please do not hesitate to contact
our trial attorney, Stephen J. Turanchik at (202) 307-6565.

                         Sincerely yours,

                         EILEEN J. O'CONNOR
                  Assistant Attorney General
                        Tax Division

         By:    *D. A. Mullarkey*

             D. PATRICK MULLARKEY
          Chief, Civil Trial Section,
              Northern Region

Enclosures

cc:  Maureen T. O'Brien
     IRS Associate Area Counsel
     10 Causeway Street, Room 401
     Boston, MA 02222-1081

     Barbara Healy Smith
     Assistant U.S. Attorney
     One Courthouse Way, Suite 9200
     Boston, MA 02210