```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                              )
SUSAN M. BERTRAND,            )
                              )
    Plaintiff,                )
    Counterclaim Defendant,   )
                              )   Case No. 04-CV-10182-GAO
    v.                        )
                              )
UNITED STATES OF AMERICA,     )
                              )
    Defendant,                )
    Counterclaim Plaintiff,   )
                              )
    v.                        )
                              )
STEPHEN C. BERTRAND, and      )
BROTHERHOOD CREDIT UNION,     )
                              )
    Counterclaim Defendants.  )
_____)
```

MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES' MOTION TO STRIKE STEPHEN BERTRAND'S ANSWER TO
COUNTERCLAIM PARAGRAPH 19
<u>AND MOTION TO COMPEL ANSWER</u>

The United States of America, submits this memorandum of law in support of its Motion to Strike Stephen Bertrand's Answer to Counterclaim Paragraph 19, and Motion to Compel Answer.

<u>Background</u>

Susan Bertrand filed this suit in Essex County Superior Court to quiet title to a piece of real property at 8 Wonderland Avenue, Saugus, Massachusetts ("the Property"). Susan Bertrand is seeking to have this Court determine that she holds title to the Property and that the Property is unencumbered with any tax

1

liens against her husband, Stephen Bertrand.

On January 27, 2004, the United States removed the case to U.S. District Court. On March 9, 2004, the United States filed an Answer to the Complaint and a Counterclaim seeking to have this Court determine that federal tax liens against Stephen Bertrand attach to the property, and to have the Court order foreclosure of the property. In its counterclaim, the United States named Stephen Bertrand, and Brotherhood Credit Union, who holds a mortgage on the property, as defendants. In paragraph 19 of the Counterclaim, the United States alleged:

> Stephen C. Bertrand, (the "Taxpayer"), is the husband of Susan [Bertrand] and may claim an interest in the Property.

Stephen Bertrand admitted that he is the husband of Susan Bertrand, but "states that the remaining allegations of paragraph 19 call for a legal conclusion and therefore there is no obligation to admit or deny them."

The United States also alleged in paragraphs 20 through 23 that Stephen Bertrand has unpaid tax liabilities relating to trust fund recovery penalties (26 U.S.C. §6672) for the periods ending in the 4th Quarter of 1991, 1st Quarter of 1992 and the 3rd Quarter of 1994, and income tax liabilities for 1997, 1998 and 2002.

Stephen Bertrand denied that he owed any of the tax liabilities.

Counsel for the United States, and Attorney Morello have spoken about this matter. Mr. Morello indicated that Stephen Bertrand was seeking other counsel for possible representation, however, Attorney Morello has not moved to withdraw his appearance on behalf of Stephen Bertrand. In recent conversations between counsel, Attorney Morello has indicated that Mr. Bertrand will not claim an interest in the property. However, to date, no amended answer to the Counterclaim has been filed.

The United States now moves this Court to strike Stephen Bertrand's answer to paragraph 19 of the Counterclaim and to order Stephen Bertrand to either admit or deny that allegation.

<u>Argument</u>

Susan Bertrand has filed this action to quiet title to the Property, and the United States has counterclaimed seeking to foreclose it federal tax liens against Stephen Bertrand. Pursuant to 26 U.S.C. §7403, the United States has counterclaimed seeking to foreclose its liens on the property. Section 7403(b) provides that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." The United States has named Stephen Bertrand as a defendant because he may claim an interest in the property. If he does not claim an interest, then he may be dismissed from

this action. If Mr. Bertrand does claim an interest in the property he is properly in the action.

If Mr. Bertrand is not in the action, Mrs. Bertrand has no standing to challenge Mr. Bertand's tax liabilities. It is well-settled that nontaxpayers may not question the validity of tax assessment to foreclose tax liens. See Middlesex Sav. Bank v. Johnson, 777 F.Supp. 1024, 1029 (D. Mass. 1991)(citing Graham v. United States, 243 F.2d 919, 922 (9th Cir.1957)).

In contrast, when the United States seeks to foreclose its tax liens against property in which the taxpayer claims an interest, the taxpayer may contest the tax liability. The taxpayer may claim that the foreclosure of his property is unwarranted because he does not owe the taxes.

In this case, if Mr. Bertrand claims an interest in the property, he would be able to contest the trust fund recovery penalties for which he has been assessed. A trust fund recovery penalty, assessed pursuant to 26 U.S.C. §6672, is imposed when a person required to collect, account for, and pay over trust fund taxes willfully fails to do so. The controlling inquiry in determining whether the taxpayer should be held "responsible" is whether the person possessed sufficient control over corporate affairs to avoid the default. See Stuart v. United States, 337 F.3d 31, 36 (1st Cir. 2003). Federal courts typically consider various indicia of responsibility, such as the holding of

corporate office, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees. Id.

Thus, if Mr. Bertrand claims an interest in the property, this case will be expanded from an action to determine whether federal tax liens attach to the property, to include issues regarding Mr. Bertrand's responsibility for trust fund recovery penalties. Further, if another person were assessed for the same trust fund recovery penalties, the United States would seek to add that person as a party to this action.

As a result, it is critical for Stephen Bertrand to either assert a claim to the property or disclaim an interest in the property.[1]

---

[1] If Mr. Bertrand does not claim an interest in this property, the United States would seek to have Mr. Bertrand dismissed from this action.

<u>Conclusion</u>

For the foregoing reasons, the United States asks this Court to strike Mr. Bertrand's answer to paragraph 19 of Counterclaim and to order him to either assert an interest or disclaim.

MICHAEL J. SULLIVAN
United States Attorney


/s/ Stephen J. Turanchik
_____
STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Motion to Strike Stephen Bertrand's Answer to Paragraph 19 of the Counterclaim and Motion to Compel Answer and supporting Memorandum of Law has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 7th day of September, 2004:

> John F. Morello, Esq.
> 316 Central Street, Suite Two
> Saugus, MA 01906
>
> M. Ellen Carpenter, Esq.
> Roach & Carpenter, P.C.
> 24 School Street
> Boston, MA 02108

> /s/ Stephen J. Turanchik
>
> _____
> STEPHEN J. TURANCHIK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C.  20044
> Telephone: (202) 307-6565